UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:  3:13-CV-972-J-99JTC-TEM

JAMES DOOLEY,

   Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC

   Defendants

**NATIONSTAR MORTGAGE, LLC'S**
**MOTION TO DISMISS COMPLAINT**

Defendant, NATIONSTAR MORTGAGE, LLC ("Nationstar"), by and through its undersigned counsel, hereby moves to dismiss the Complaint filed by Plaintiff, JAMES DOOLEY ("Dooley"), and as grounds therefore, states as follows:

1.  This matter arises out of unspecified correspondence from Nationstar to Dooley after the Bankruptcy Court allegedly discharged unspecified debt of Dooley. See Complaint, ¶7-14.

2.  Dooley alleges that nearly two (2) years after the Bankruptcy was discharged, Nationstar sent correspondence to Borrower for the purported purpose of collecting a debt. See Complaint, ¶14.

3.  Dooley alleges Nationstar's correspondence violated:

   a)  15 USC §1692c(a)(2) of the Fair Debt Collection Practices Act ("FDCPA"), which prohibits creditors from contacting a debtor in the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt. See Complaint, ¶17.

       b)    §559.72(18), <u>Florida</u> <u>Statutes</u>, of Florida's Consumer Collection Practices Act ("FCCPA"), which prohibits creditors from contacting a debtor in the collection of a debt after the creditor is given notice that the debtor is represented by counsel with respect to such debt. <u>See</u> Complaint, ¶25.

4.    Dooley fails to identify any debt between the parties and fails to allege he provided notice to Nationstar that he was represented by counsel with respect to any debt.

5.    As a matter of law, the Complaint should be dismissed for failure to state a claim under FDCPA and FCCPA.

## MEMORANDUM OF LAW

**I.    <u>Complaint Should be Dismissed for Failure to State a Claim under FDCPA or FCCPA.</u>**

Dooley's Complaint should be dismissed for failure to state a claim under FDCPA and/or FCCPA as Dooley fails to plead the necessary threshold elements for a violation of either Act. "A consumer seeking to recover damages under either the FDCPA or the FCCPA must allege and prove a violation of the provisions of the act actually sued upon." <u>Read v. MFP, Inc.</u>, 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012) (failure to plead violation under the act actually sued upon – FDCPA or FCCPA – is fatal pleading defect).

Pursuant to both the FDCPA and FCCPA, under certain circumstances, a creditor is not permitted to contact a debtor in collection of a debt if the creditor knows that the debtor is represented by an attorney "***with respect to such debt***…" <u>See</u> 15 USC 1692c(a)(2); <u>see</u> <u>also</u> §559.72(18), <u>Florida</u> <u>Statutes</u> (emphasis added).

As a threshold matter, Dooley fails to identify any debt upon which this Complaint is based. On that basis alone, the Complaint should be dismissed.

**A. FDCPA Claim fails to Allege Actual Notice Of Representation.**

Count I of the Complaint alleges Nationstar violated 15 USC 1692c(a)(2), which prohibits creditors from contacting a debtor in the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt. Dooley fails to allege he notified Nationstar that he was represented by counsel and that any direct communication with Dooley should cease and desist.

Pursuant to FDCPA, to be charged with knowledge that a debtor is represented by counsel, the debtor must provide *actual notice* of representation to the creditor. See Erickson v General Elec. Co., 854 F. Supp.2d 1324 (M.D. Fla. 2012). Further, under the FDCPA, the debtor must notify the creditor to cease and desist direct communication. See 15 USC 1692c(c) (consumer must notify the debt collector in writing that the debt is disputed and that consumer wishes the debt collector to cease communication).  Dooley fails to allege actual notice of representation to Nationstar and failed to allege he notified Nationstar to cease and desist direct communication. Indeed, Dooley claims **Bank of America** "received proper notice." See Complaint ¶8. The Defendant in this matter is NATIONSTAR MORTGAGE, LLC. The Complaint fails to even claim Nationstar was informed – or had any reason to know - that Dooley was represented by counsel with respect to any debt.

Accordingly, Dooley has failed to plead a violation of §1692c(a)(2) of the FDCPA as to Nationstar because Dooley does not allege that Nationstar was notified that Dooley was represented by counsel with respect to a debt or that Dooley notified Nationstar to cease and desist direct communication. Because Dooley has failed to allege facts that would support a claim for violation of FDCPA, Count I must be dismissed.

### B. FCCPA Fails to Allege Conduct that Violates §559.72(18).

Count II attempts to set forth a claim for violation of FCCPA under §559.72(18). Under, §559.72(18), a creditor is prohibited from contacting a debtor when the creditor knows the debtor is represented by counsel with respect to such debt. However, in support of this purported claim, Dooley merely asserts Nationstar attempted to collect on a debt that was in default after bankruptcy thereby causing him distress. See Complaint, ¶26-27. This is not a violation of §559.72(18). Whether or not Nationstar attempted to collect on a debt discharged in bankruptcy does not demonstrate, support or relate to whether Nationstar impermissibly contacted Dooley knowing he was represented by counsel.

Indeed, Dooley claims some unidentified debt was discharged in Bankruptcy in January 2012, nearly two (2) years ago. See Complaint, ¶10. Despite the fact that Dooley fails to identify any particular debt at issue, Dooley further fails to explain how a two-year-old - *closed* - bankruptcy case on unspecified debs relates to any correspondence in 2013 from Nationstar. Dooley does not allege Nationstar had knowledge of Dooley's bankruptcy counsel or that Bankruptcy counsel is counsel for Dooley in the instant action. Quite simply, Dooley's FCCPA claim fails to allege *Nationstar* knew or had any legitimate basis to know Dooley was represented by counsel. Again, the Complaint only states third-party, "Bank of America, N.A.", (not Nationstar) received some sort of notice. See again, Complaint, ¶ 8.

Because Dooley failed to allege Nationstar communicated with Dooley after Nationstar was provided notice of representation of counsel with respect to any debt, Dooley has not asserted a violation of §559.72(18). This pleading defect is fatal to Count II. See again, Read, 85

So. 3d at 1153 (failure to plead violation under the act actually sued upon is fatal pleading defect).

Accordingly, pursuant to Read, Count II must be dismissed.

**II.    Complaint Should be Dismissed for Failure to Meet the Pleading Requirements under the Federal Rules of Civil Procedure.**

Pursuant to the Federal Rules of Civil Procedure, Rule 8(a)(2), the Complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. For the reasons set forth above, Dooley fails to meet this requirement. The Complaint utterly fails to allege: 1. what debt the claim purports to travel under, 2. the required notice of representation of counsel was sent to Nationstar, and 3. that Nationstar was directed to cease and desist communication with Dooley.

As a result of the forgoing pleading deficiencies, the Complaint fails to meet the requirements set forth under FRCP Rule 8(a)(2) and should be dismissed.

**III.    Conclusion**

As currently postured, the Complaint merely concludes Nationstar is liable for contacting Dooley. Neither FDCPA nor FCCPA bar such communication with a debtor.

The Complaint should be dismissed because it fails to allege Dooley provided: 1. notice of representation to Nationstar, 2. notice to cease and desist to Nationstar, and/or 3. any basis for knowledge on the part of Nationstar that Dooley was represented with respect to any particular debt. As a result of these deficiencies, the Complaint fails to meet the pleading requirements under FDCPA, FCCPA and/or FRCP.

WHEREFORE, Nationstar respectfully requests the entry of an Order dismissing the Complaint, granting Nationstar its reasonable costs and attorneys' fees incurred in this matter, together with such other and further relief that the Court deems just and proper.

Respectfully submitted,

By: /s/ **Beth A. Norrow**
Beth A. Norrow, Esq.
Florida Bar No. 61497
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
norrowb@gtlaw.com
castrop@gtlaw.com

MICHELE L. STOCKER
Florida Bar No. 44105
Greenberg Traurig, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
StockerM@gtlaw.com
smithl@gtlaw.com
FLService@gtlaw.com
*Attorneys for Nationstar Mortgage, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of November, 2013, I electronically filed the foregoing with the Clerk using the CM/ECF system, which will send notice of electronic filing to: Gregory S. Gilbert, Esq., ggilbert@jaxlawcenter.com.

s/Beth A. Norrow
Beth A. Norrow
Fla. Bar 0061497

FTL 109425710v1

6